UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIRIAM SANTOS SUAREZ,

       Plaintiff,

v.                                              Case No. 8:12-cv-2401-T-30MAP

JEROME RYANS, in his official capacity
as Executive Director of the Housing
Authority of the City of Tampa, Florida; and
WENCE CUNNINGHAM, in his official
capacity as Director of Public Housing and
Asset Management of the Housing Authority
of the City of Tampa, Florida,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This case involves a dispute over violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* Plaintiff seeks a preliminary injunction compelling Defendants to provide reasonable accommodations for her respiratory handicap by moving Plaintiff from her studio apartment to a one-bedroom apartment operated by the City of Tampa Housing Authority ("THA") (doc. 4).[1] At the hearing on Plaintiff's motion, the Defendants informed the Court that six days prior to the hearing, Defendants, through the City of Tampa Housing Authority, offered to move Plaintiff into a one-bedroom apartment at another apartment complex in the city known as the Shimberg Estates ("Shimberg"). Plaintiff subsequently viewed the apartment on December 17, 2012, and agreed the apartment was a reasonable

---

[1] The district judge referred this motion for a report and recommendation (*See civil docket*).

accommodation for her handicap. On December 21, 2012, Plaintiff moved from her studio apartment to the one-bedroom apartment at Shimberg. Accordingly, I recommend the district judge deny Plaintiff's motion for preliminary injunction as moot.

    RECOMMENDED

1.    Plaintiff's motion for preliminary injunction (doc. 4) be DENIED AS MOOT.

IT IS SO REPORTED at Tampa, Florida on January 16, 2013.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:    The Honorable James S. Moody, Jr.
       Counsel of Record

2