# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MIRIAM SANTOS SUAREZ,**

    **Plaintiff,**

**v.**                           Case No. 8:12-cv-2401-T-30MAP

**JEROME RYANS, in his official capacity as
Executive Director of the Housing Authority
of the City of Tampa, Florida, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants', Jerome Ryans and Wence Cunningham, In Their Official Capacities, Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief (Dkt. 30) and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt. 31). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes the motion to dismiss should be granted.

## BACKGROUND

Plaintiff Miriam Santos Suarez brought this action, entitled "Complaint for Declaratory and Injunctive Relief," against Defendants Jerome Ryans and Wence Cunningham, in their official capacities, for discrimination under the Fair Housing Act ("FHA"). The complaint is not clear as to the number of counts Suarez intends to allege, but it is clear that she seeks: (1) a declaratory judgment that "Defendant Cunningham's failure

and/or refusal to reasonably accommodate [Suarez]'s § 3602(h) handicap violates 42 U.S.C. § 3604(f)(2) and § 3604(f)(3)(B);" (2) a temporary and permanent injunction requiring Defendants "to transfer [Suarez] from [her] present studio apartment to a one-bedroom apartment where the sleeping area is separate from the kitchen area;" (3) and an award of actual and punitive damages.

At the time of filing her complaint, Suarez lived in a studio apartment owned and operated by the Housing Authority of the City of Tampa ("HACT"). Defendant Cunningham is the HACT Director of Public Housing and Asset Management. Defendant Ryans is the HACT Executive Director and supervises Cunningham. HACT is not a party to this action.

Suarez alleges that she has a physical respiratory handicap within the meaning of the FHA. She attaches a letter from Dr. Abel Ochoa that states in pertinent part:

> Mrs. Suarez has chronic pulmonary obstructive disease. It is detrimental to her health to live in an efficiency apartment where the bed is in the same room as the kitchen because of fumes and chemicals used around the kitchen. Ms. Suarez must live in a one-bedroom apartment where the sleeping area is in a separate room from the kitchen.

Dkt. 1-2.

On September 21, 2012, Suarez's counsel wrote a letter to Defendant Cunningham requesting that Suarez be moved to a one-bedroom apartment. Cunningham did not respond. On October 11, 2012, Suarez's counsel sent another letter to Cunningham repeating the request for a transfer from her studio apartment to a one-bedroom apartment and informing Cunningham he would file suit unless Cunningham responded on or before October 17, 2012. Suarez did not receive a response prior to filing this suit on October 23, 2012.

Defendants were served with process on December 12, 2012. Six days prior to the hearing on Suarez's motion for preliminary injunction, HACT offered to move Suarez into a one-bedroom apartment at another complex known as Shimberg Estates. On December 21, 2012, Suarez moved from her studio apartment to the Shimberg apartment that she agreed as a reasonable accommodation for her handicap. Thus, Suarez's motion for preliminary injunction was denied as moot.

## **MOTION TO DISMISS STANDARD OF REVIEW**

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a

court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

Federal Rule of Civil Procedure 12(b)(1) allows a complaint to be dismissed based on a plaintiff's lack of standing under Article III. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

The FHA prohibits discrimination "in the provision of services or facilities in connection with [a] dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Discrimination on the basis of a handicap includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). The FHA creates a statutory cause of action for a discriminatory housing practice and authorizes a court to award an aggrieved person actual and punitive damages and any other relief as the court deems appropriate. 42 U.S.C. § 3613(a)(1)(A) & (c)(1).

"In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff

Page 4 of 7

must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346-47 (11th Cir. 1999). Thus, in order for this Court to have jurisdiction to issue a declaratory judgment that Defendants have violated the FHA or to enjoin Defendants from continuing to violate the FHA, Suarez must assert a reasonable expectation that the injury she has suffered will continue or will be repeated in the future. *Id.* at 1347. Suarez has failed to do so because her alleged injury, living in a studio apartment instead of a one-bedroom, has ceased to exist and she does not allege that she will be subject to the same injury in the future. Thus, Defendants' motion to dismiss as to Suarez's claims for declaratory judgment and permanent injunction is granted.

However, Suarez has standing to bring a cause of action for damages under the FHA. Suarez's complaint, although confusing because titled "Complaint for Declaratory and Injunctive Relief," does state that she seeks actual and punitive damages for the alleged discrimination under the FHA.

Defendants also move to dismiss Suarez's complaint on the grounds that she failed to comply with the Federal Rules of Civil Procedure by impermissibly grouping all her counts together. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a "shotgun pleading" makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"); *Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. App'x 368, 371 (11th Cir. 2005) (stating that a "shotgun pleading" is a pleading in which a plaintiff fails "to identify claims with sufficient clarity").

The Court agrees that it cannot be determined whether Suarez brought a single count of discrimination under the FHA with requests for multiple relief or whether she brought three different claims. Suarez states in her complaint that her claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202, but then later relies on 42 U.S.C. § 3613(c)(1) as the basis for seeking an injunction and for monetary damages. Additionally, Suarez does not separate her claims into separate counts, if she even intends to allege multiple counts. This confusion violates Rule 8(a)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Defendants' motion to dismiss based an a procedurally-defective style of pleading is granted.

As discussed above, the claims for the first two types of relief are dismissed with prejudice because the Court lacks jurisdiction to issue an injunction or declaratory judgment. If Suarez chooses to file an amended complaint, she may include a claim for monetary damages under the FHA.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants', Jerome Ryans and Wence Cunningham, In Their Official Capacities, Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief (Dkt. 30) is GRANTED.

2. The claims for a declaratory judgment and injunctive relief are dismissed with prejudice. The claim for monetary damages is dismissed without prejudice.

3. Plaintiff may file an amended complaint within fourteen (14) days of the date of this Order. If Plaintiff fails to file an amended complaint, this case shall remain dismissed, and the Court will direct the Clerk to administratively close this case without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on May 3, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2401.mtdismiss.frm