**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MIRIAM SANTOS SUAREZ,**

    **Plaintiff,**

v.   Case No. 8:12-cv-2401-T-30MAP

**JEROME RYANS, in his official capacity as**
**Executive Director of the Housing Authority**
**of the City of Tampa, Florida, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants', Jerome Ryans and Wence Cunningham, In Their Official Capacities, Motion to Dismiss Plaintiff's Amended Complaint for Actual and Punitive Damages (Dkt. 34), Plaintiff's Memorandum In Opposition to Defendants Ryans' and Cunningham's Motion to Dismiss Amended Complaint (Dkt. 36), Plaintiff's Request for Oral Argument Upon Defendants Ryans' and Cunningham's Motion to Dismiss Amended Complaint (Dkt. 37), Defendant Housing Authority's Motion to Dismiss Plaintiff's Amended Complaint for Actual and Punitive Damages (Dkt. 40), and Plaintiff's Response in Opposition to Defendant Housing Authority's Motion to Dismiss Amended Complaint (Dkt. 41). The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes the motions to dismiss should be denied.

On May 3, 2013, the Court dismissed Plaintiff Miriam Santos Suarez's claims for declaratory and injunctive relief for alleged violations of the Fair Housing Act ("FHA) against Defendants Jerome Ryans and Wence Cunningham. On May 15, 2013, Suarez filed an amended complaint for actual and punitive damages for alleged violations of the FHA, adding Defendant Housing Authority for the City of Tampa ("HACT"). Unlike the original complaint, Suarez clearly alleged three separate counts, one against each Defendant.

Defendants move to dismiss the amended complaint based upon Suarez's failure to comply with Rule 8(a) and because the amended complaint is a shotgun pleading. Although the Court agrees that Suarez has included irrelevant allegations and unnecessary recitations of the FHA, the amended complaint is not so unclear or confusing as to prevent Defendants from answering. Additionally, the incorporation by reference of all previous allegations into each count does not prevent a cogent response from Defendants. Because each count is premised on the same statutory violation and the same set of operative facts, the vast majority of allegations are relevant to each count. While the amended complaint is technically a shotgun pleading, it does not present the type of discovery difficulties warned against by the Eleventh Circuit.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants', Jerome Ryans and Wence Cunningham, In Their Official Capacities, Motion to Dismiss Plaintiff's Amended Complaint for Actual and Punitive Damages (Dkt. 34) and Defendant Housing Authority's Motion to

Dismiss Plaintiff's Amended Complaint for Actual and Punitive Damages (Dkt. 40) is DENIED.

2. Defendants shall file an answer to the amended complaint within fourteen (14) days of the date of this Order.

3. Plaintiff's Request for Oral Argument Upon Defendants Ryans' and Cunningham's Motion to Dismiss Amended Complaint (Dkt. 37) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 18, 2013.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2401.denymtdismiss.frm